Mr. Justice Clayton
delivered the opinion of the court.
This was a motion in the circuit court of Lowndes county, in behalf of the sheriff, for directions as to the appropriation of money, made on several judgments against Reuben King. There was also a motion to exclude the execution of Toomer, Gay & Co., from any participation in the funds. All the judgments were founded on writs of attachment, but in the case of Toomer, Gay &. Co., there was no other service of process, nor any thing equivalent to it; in the others there was. On the judgment of Toomer, Gay & Co., an ordinary writ of fieri facias was issued, in the 'others only orders of sale of the goods attached. .The money in controversy was produced by the sale of the goods attached.
The circuit court directed the sheriff to pay the execution and orders of sale, according to the priorities of the respective.attachments, paying those levied at the same time ratably, as between themselves.
The motion of the plaintiffs in error, was to exclude the judgment of Toomer, Gay & Co., because it was void, for the want of jurisdiction over the person of Reuben King, who was the defendant in all the cases. The question presented is, Whether the attaching of the goods alone, without service of process on the defendant, without publication or notice of any kind, and without appearance on his part, is a sufficient foundation for a judgment against him. From a careful examination of all the statutes, in regard to attachments, our conclusion is, that it is not. Although the writ of attachment binds the goods attached, from the time of its levy, yet no valid judgment can be rendered upon such attachment, unless the defendant have notice by service of process, by publication, according to the statute, or unless he appear to the action.
*78 The statute of 1822 plainly prescribes the manner of publication, in the different species of attachments at law, and the act of 1844, under which the present attachment was sued out, Only extends the remedy to other cases, not previously provided for, but makes no change in the remedy itself, or in the proceedings under it. Hutch. Code, 804, sec. 15, 16; Ib. 820, Art 15. A judgment without notice, or something equivalent to it, is void. Enos v. Smith, 7 S. & M. 85. When the validity of a judgment by attachment comes in question, either directly or incidentally, it devolves on the party claiming under it, to show its validity, or his claim cannot be sustained. In other words, he must show that the jurisdiction of the court was rightfully exercised, or the judgment will be regarded as void. In courts of general jurisdiction, such as are our circuit courts, it is true, the presumption is in favor of the regularity of their proceedings. But still the point of jurisdiction lies at the root of all judicial controversies, and it must be shown to have been possessed, in order to make the judgment effectual. Gwin v. McCarroll, 1 S. & M. 368; Miller v. Ewing, 8 Ib. 421; 1 Stark. Ev. 361; Story, Confl. Laws, 495, sec. 592. The latter writer says, “ It must appear that there have been regular proceedings, to found’ the judgment or decree, and that the parties in interest have had notice, or an opportunity to appear, and their interests, either personally, or by their proper representatives, before it was pronounced; for the common justice of all nations requires that no condemnation should be pronounced, before the party has an opportunity to be heard.”
According to the decisions of this court, where the record recites a jurisdictional fact, such recital is prima facie evidence in support of the judgment. Winston v. Miller, 12 S. & M. 552; Saffarans v. Terry, Ib. 690. It is in this case insisted in argument, that the record shows an appearance by the defendant, Reuben King, and thereby makes the judgment valid. This renders a strict examination of the record necessary.
The record shows the issuance of the attachment, on the 15th May, 1845, and its levy upon the stock of goods on the same day; also the service of process of garnishment on Charles B:. *79 Ring. At the October term, 1845, the declaration was filed. At the October term, 1846, Charles B. King appeared by his agent, claimed the property attached, and an issue was joined upon his interpleader. At the same term, judgment by default was taken against Reuben King, for his failure to appear, and a writ of inquiry of damages awarded. A judgment nisi was at the same time entered against Charles B. King, as garnishee, and a scire facias directed against him. At the April term, 1847, the following order was entered, which, it is insisted, shows an appearance by Reuben King : “Toomer, Gay & Co., plaintiff, v. Reuben King, defendant and Charles B. King, garnishee. This day came the parties by their attorneys, and thereupon came a jury of good and lawful men, who, being sworn to try the issue, joined between the parties in this case, upon their oath do say, that they find the said issue in favor of the plaintiff, and assess the plaintiff’s damages, sustained by reason of the non-performance of the promise and assumpsit in the declaration mentioned, to 4,620 44, besides costs. It is therefore con-' sidered by the court, that the plaintiff recover of the defendant the said sum of $4,620 44, together with the costs.” On the 11th of May,1847, an execution was issued against Reuben King, defendant, and Charles B. King, garnishee, which was returned on 11th October, 1847, no property found. On the 20th October, 1847, an alias scire facias was awarded by the court, and the cause continued. On the 3d December, 1847, the alias scire facias was issued against Charles B. King, as garnishee, and returned not found on the 15th March, 1848. On the 23d September, 1848, the following order was entered: “Toomer, Gay & Co. v. Reuben King, defendant, and Charles B. King, claimant. This day came the parties by their attorneys, and thereupon came a jury, who, being sworn to try the issue joined between the parties in this case, upon their oath do say, they find the issue for the plaintiff.”
These several entries are very confused and contradictory. First, there is a judgment by default against Reuben King, and an award of a writ of inquiry. Then there is a recital of an appearance by the attorneys of the parties, a trial of the issue *80 joined between the parties, and a judgment against the defendant. Next follows an execution against both Reuben and Charles B. King, and a return of no property. And lastly follows another judgment upon the interpleader.
The construction to be placed on these several matters, is not very clear. The recital of an appearance is never conclusive; and where the expression is general, it is confined to those parties who have been served with process. Miller v. Ewing, 8 S. & M. 421; Torrey v. Jordan, 4 How. 401; Dean v. McKinstry, 2 S. & M. 213. To construe the expression, “the parties came by their attorneys,” to comprehend Reuben King, would do violence to other parts of the record. The judgment by default was never set aside, and no leave was ever after-wards given him to plead. There is no issue in the- record made up by him or his attorney: the only issue is that tendered by Charles B. King. The only attorney whose name is entered for the defence, was the attorney who filed the interpleader for Charles B. King. All these considerations lead us to the conclusion, that the record does not show an appearance by Reuben King, and that its language is fully met and satisfied, by confining it to those persons who had attorneys in court, as shown by the record,— the plaintiffs, and Charles B. King. To give greater scope to its terms, and thereby render a judgment valid against one not served with process, and not appearing to have filed any plea, might be of dangerous tendency.
It is urged in argument, that if the judgment be void, and if there be no judgment lien, the original attachment lien still subsists, and that therefore Toomer, Gay & Co. are entitled to a share of the money. We cannot concur in this position. A judgment is necessary to give effect to the attachment lien. By possibility on a trial, the defendant in the attachment may defeat a recovery, and put an end to the attachment lien. It is wholly incomplete and imperfect, until judgment; and none but judgment creditors can be regarded in a controversy like this.
The judgment of Toomer, Gay & Co. was void, for the want of notice to, or appearance by, Reuben King, and they must consequently be excluded from any part of the fund.
Judgment reversed, and cause remanded.